UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| DONNIE LYNN HOVIS, | ) |
| Plaintiff, | ) |
| vs | ) |
| | ) Case No. 1:22 CV 29 ACL |
| FIDELITY NATIONAL TITLE, et al., | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

Defendant Fidelity National Title Insurance Company ("Fidelity") removed this action from the Circuit Court of Stoddard County, Missouri pursuant to 28 U.S.C. § 1441(b), arguing that Defendant National Title and Escrow, LLC ("National Title") was fraudulently joined to defeat diversity jurisdiction. (Doc. 1.) Prior to removal, Defendant National Title filed a Motion for More Definite Statement (Doc. 8), Motion to Dismiss (Doc. 9), and Motion for Change of Venue (Doc. 10). Presently pending before the Court is Plaintiff's Motion to Remand. (Doc. 13.) Also pending is Defendant Fidelity's Motion to Strike Plaintiff's "Suggestions in Support of his Motion to Remand." (Doc. 27.)

For the following reasons, the Motion to Remand will be granted, and this matter will be remanded to state court.

**I. Background**

Plaintiff Donnie Lynn Hovis filed suit in the Circuit Court of Stoddard County, Missouri, on February 2, 2022 against Defendants Fidelity and National Title. (Doc. 7.) The Petition alleges that National Title is a title agent for Fidelity, and duly authorized to issue title insurance

1

on behalf of Fidelity.   Plaintiff states that Fidelity, through National Title, issued Plaintiff an owner's title insurance policy, Policy number 2730672-224129532 ("Policy"), insuring marketable title to real property described in Exhibit A located in Stoddard County, Missouri ("Property").   The Policy insured marketable title to the Property in the amount of $110,000.  Subsequent to the issuance of the policy, Plaintiff learned that he did not have marketable title to the Property when a title search in connection with a sale of one of the tracts of real estate revealed several liens and title defects.   The Petition asserts claims of breach of contract (Count I) and vexatious refusal to pay (Count II) against both Defendants, and a negligence claim against Defendant National Title (Count III).   *Id.*

The record reflects that National Title was served with the Petition on February 11, 2022, and Fidelity was served on February 14, 2022.   (Doc. 1-1 at 16-17.)   Defendant Fidelity removed this action from the Circuit Court of Stoddard County on March 15, 2022, citing diversity jurisdiction under 28 U.S.C. § 1332.   (Doc. 1.)   In the Notice of Removal, Defendant alleges that Plaintiff Hovis is a citizen of Missouri; Defendant Fidelity is a citizen of Florida; and Defendant National Title is a citizen of Missouri.   Defendant claims that Plaintiff fraudulently joined National Title as a Defendant to defeat diversity jurisdiction.   Defendant alleges that the amount in controversy in this action exceeds the $75,000 jurisdictional amount.

In support of its fraudulent joinder claim, Fidelity argues that Plaintiff fails to state a negligence claim against National Title because there are no facts alleged indicating that National Title had a duty to Plaintiff.   Additionally, Defendant argues that Plaintiff's negligence claim against National Title fails under the economic loss doctrine.   Defendant contends that it cannot be held liable under Plaintiff's breach of contract or vexatious refusal claims because

2

National Title was acting as an agent for its disclosed principal, Fidelity.

Plaintiff filed a Motion to Remand, in which he argues that the Petition sufficiently alleged National Title owed Plaintiff a duty to support its negligence claim.   Plaintiff contends that the economic loss doctrine does not bar its negligence claim.   Fidelity opposes the Motion to Remand, arguing that Plaintiff fails to allege a negligence claim against National Title.   (Doc. 22.)

On April 29, 2022—eighteen days after Fidelity filed its Response—Plaintiff filed a document titled "Plaintiff's Suggestions in Support of his Motion to Remand." (Doc. 26.) Fidelity filed a Motion to Strike, arguing that Plaintiff's "Suggestions" should be stricken as it is an untimely reply.   (Doc. 27.)   Although Plaintiff's reply was due no later than April 21, 2022 under   Local Rule 4.01(C), the Court declines to strike Plaintiff's Suggestions in Support of his Motion to Remand.   Instead, the Court grants Plaintiff leave to file its reply out of time.

## II.  Legal Standard

"The propriety of removal to federal court depends on whether the claim comes within the scope of the federal court's subject matter jurisdiction."  *Peters v. Union Pac. R. Co.*, 80 F.3d 257, 260 (8th Cir. 1996) (citing 28 U.S.C. § 1441(b)).   "A claim may be removed only if it could have been brought in federal court originally."   *Id.*   Thus, a court may not exercise jurisdiction in a case removed pursuant to 28 U.S.C. §§ 1441(a) and 1332(a) unless there is complete diversity.   *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 84 (2005).   "Critically, the party seeking removal has the burden to establish federal subject matter jurisdiction; all doubts about federal jurisdiction must be resolved in favor of remand."   *Cent. Iowa Power Co-op. v. Midwest Indep. Transmission Sys. Operator, Inc.*, 561 F.3d 904, 912 (8th Cir. 2009).   If a non-diverse

3

party is fraudulently joined to a suit, however, the court may dismiss that party and properly retain jurisdiction of the case. *See, e.g., Roles v. Bank of Am., N.A.*, No. 5:17-CV-5087, 2017 WL 3723676, at *4 (W.D. Ark. Aug. 29, 2017).

Fraudulent joinder applies where "there exists no reasonable basis in fact and law supporting a claim against the resident defendants." *Filla v. Norfolk S. Ry. Co.*, 336 F.3d 806, 810 (8th Cir. 2003). "[I]f there is a 'colorable' cause of action—that is, if the state law *might* impose liability on the resident defendant under the facts alleged—then there is no fraudulent joinder." *Filla*, 336 F.3d at 810 (emphasis in original). The focus is "only on whether a plaintiff 'might' have a 'colorable' claim under state law against a fellow resident, not on the artfulness of the pleadings." *Wilkinson v. Shackelford*, 478 F.3d 957, 964 (8th Cir. 2007). As the Eighth Circuit Court of Appeals explained in *Filla*,

> [T]he district court's task is limited to determining whether there is arguably a reasonable basis for predicting that the state law might impose liability based upon the facts involved. In making such a prediction, the district court should resolve all facts and ambiguities in the current controlling substantive law in the plaintiff's favor. However, in its review of a fraudulent-joinder claim, the court has no responsibility to definitively settle the ambiguous question of state law.

*Filla*, 336 F.3d at 811 (citations omitted). "[W]here the sufficiency of the complaint against the non-diverse defendant is questionable, 'the better practice is for the federal court not to decide the doubtful question in connection with the motion to remand but simply to remand the case and leave the question for the state courts to decide.'" *Id.* (quoting *Iowa Pub. Serv. Co. v. Med. Bow Coal Co.*, 556 F.2d 400, 406 (8th Cir. 1977)).

### III.   Discussion

Plaintiff argues that this action must be remanded for lack of jurisdiction, because Plaintiff's negligence claim against National Title (Count III) has a reasonable basis in fact and

4

law.   Plaintiff does not address its breach of contract and vexatious refusal to pay claims asserted against both Defendants (Counts I and II).   As such, the Court's discussion will be limited to Plaintiff's negligence claim against National Title.

In any action for negligence, the plaintiff must establish that the defendant had a duty to protect the plaintiff from injury, the defendant failed to perform that duty, and the defendant's failure proximately caused injury to the plaintiff.   *L.A.C. ex rel. D.C. v. Ward Parkway Shopping Center Company, L.P.,* 75 S.W.3d 247, 257 (Mo. banc 2002).   Whether a duty exists is purely a question of law.   *Id.*

Fidelity first argues that Plaintiff fails to allege facts indicating that National Title had a duty to Plaintiff.   Fidelity states that the parties of the contract at issue (the Policy) are Plaintiff and Fidelity, not National Title.

Plaintiff argues that the Petition plainly alleges a duty in paragraphs 26 and 27.   Plaintiff contends that this duty arises out of the "oral contract" between Plaintiff and Defendant National Title for National Title to conduct the closing as an escrow agent.   (Doc. 13 at 3, 4.)

Fidelity responds by arguing that the Petition makes no reference to any oral contract between Plaintiff and National Title, nor does it allege that National Title agreed to be an escrow agent.   Fidelity argues that the Court should reject Plaintiff's improper attempt to embellish his pleadings with post-removal allegations.

The Petition provides as follows, in relevant part:

26.   That Defendant National Title closed the transaction involving the Property and therefore owed a duty to Plaintiff to ensure any liens or judgments against the Property would be satisfied so that Plaintiff would receive marketable title.
27.   That Defendant National Title failed to act according to the appropriate standard of care and thereby breached its duty to Plaintiff by failing to ensure the

5

>liens and judgments against the Property would be satisfied so that Plaintiff would receive marketable title.

(Doc. 7 at 6.)

The Court finds that Plaintiff has sufficiently alleged that National Title owed a duty to Plaintiff that it breached. Although Plaintiff did not explicitly allege that this duty arose from an oral agreement regarding National Title's role as an escrow agent, this is implied by Plaintiff's statement that "National Title *closed the transaction* involving the Property and *therefore* owed a duty to Plaintiff…" (Doc. 7 at 6.) An escrow agent owes a duty to perform the duties specified in an escrow agreement. *See Rivermont Vill., Inc. v. Preferred Land Title, Inc.*, 371 S.W.3d 858, 863 (Mo. Ct. App. 2012) (An escrow agent is "strictly bound to perform the duties specified in an escrow agreement; neither party can alter the terms of an escrow agreement or forbid an escrow agent from performing his or her duties without the other party's consent."). Missouri courts have recognized that an escrow agreement may be based on an oral agreement. *Hammack v. Coffelt Land Title, Inc.*, 348 S.W.3d 75, 81 (Mo. Ct. App. 2011). Any doubts arising from defective or inartful pleadings should be resolved in favor of the retention of state court jurisdiction. *See Filla*, 336 F.3d at 811.

Fidelity next argues that the economic loss doctrine bars Plaintiff's negligence claim because Plaintiff is seeking monetary damages only from National Title and the Petition contains no allegations suggesting that any of the exceptions to the economic loss doctrine apply.

Plaintiff responds that the economic loss doctrine does not apply due to the special relationship between the parties where National Title was acting as escrow agent.

The economic loss doctrine "prohibits a party from seeking to recover in tort for economic losses that are contractual in nature." *Graham Const. Servs. v. Hammer & Steel, Inc.*,

6

755 F.3d 611, 616 (8th Cir. 2014) (citation omitted); *see also Captiva Lake Invs.*, 436 S.W.3d at 628 (citation omitted) ("Recovery in tort for pure economic damages are only limited to cases where there is personal injury, damage to property other than that sold, or destruction of the property sold due to some violent occurrence.").

Missouri courts have consistently held that the doctrine "originated in cases arising under the [U.C.C.], making it inapplicable to contracts for services." *Heartland Med., LLC v. Express Scripts, Inc.*, No. 4:17-CV-2873 JAR, 2018 WL 4216669, at *2 (E.D. Mo. Sept. 5, 2018) (citations omitted); *see also Steadfast Ins. Co. v. ARC Steel, LLC*, No. 16-3214-CV-S-SRB, 2019 WL 2090696, at *3 (W.D. Mo. May 13, 2019).  The economic loss doctrine typically "does not apply and preclude tort liability in an action based on the negligent rendition of services by a professional."  *City of Kennett v. Wartsila North America, Inc.*, No. 4:05-CV-114 HEA, 2005 WL 3274334, at *2 (E.D. Mo. Dec. 2, 2005) (citation omitted); *see also Trademark Med., LLC v. Birchwood Labs., Inc.*, 22 F. Supp. 3d 998, 1002 (E.D. Mo. 2014) (citation omitted) ("Some Missouri courts have recognized specific exceptions in cases involving ... negligence in providing professional services."); *Westfield, LLC v. IPC, Inc.*, 816 F. Supp. 2d 745, 750 (E.D. Mo. 2011) (collecting cases).  *But see OS33 v. CenturyLink Commc'ns, LLC*, 350 F. Supp. 3d 807, 815-16 (E.D. Mo. 2018) (applying economic loss doctrine to services contract).  Courts applying Missouri law have held that claims for negligent rendition of architectural services are not barred by the economic loss doctrine.  *Bryant v. Murray-Jones-Murray, Inc.*, 653 F. Supp. 1015 (E.D. Mo. 1985); *Bus. Men's Assur. Co. of America v. Graham*, 891 S.W.2d 438, 454 (Mo. Ct. App. 1994).

7

Plaintiff relies upon *Autry Morlan Chevrolet, Cadillac, Inc. v. RJF Agencies, Inc.*, 332 S.W.3d 184, 192 (Mo. Ct. App. 2010), to support his position that the economic loss doctrine does not bar his negligence action due to the special relationship between Plaintiff and National Title.

The plaintiff in *Autry* was an automobile dealership that suffered economic loss when vehicles in its inventory were damaged by hail.  *Id.* at 186–88.  The plaintiff brought a negligence claim against its floor plan financing provider, the provider's employee, and the insurance agent who insured the inventory.  *Id.*  Although the defendants alleged that the plaintiff's claim was barred by the economic loss doctrine because the action arose from the rendering of services to be provided by a contract, the Court disagreed.  *Id.* at 193-94.  The Court stated:

> The courts of our state have never recognized the mere breach of a contract as providing a basis for tort liability. In contract, however, the complained of act or omission which breaches a contract may also be a negligent act which would give rise to a liability in tort. In this latter instance, it is the act and not the breach of the contract which serves as the basis for the tort claim. Where the parties have entered into a contract, our common law has imposed the duty to perform with skill, care, and reasonable expedience and faithfulness in regard to the thing to be done or accomplished within the contract. The negligent failure to observe and perform any portion of that duty gives rise to an action in tort as well as an action for breach of contract.

*Id.* at 193 (citing *American Mortgage Investment Company v. Hardin–Stockton Corp.*, 671 S.W.2d 283, 293 (Mo. Ct. App. 1984)).  The relationship between the plaintiff and the defendant "may require the exercise of reasonable skill, diligence, and care in the handling of business given over or entrusted to" the defendant, and "a fiduciary duty may arise by the nature of the contract itself."  *Id.*  An action may be brought in tort "if the party sues for breach of a

8

duty recognized by the law as arising from the relationship or status the parties have created by their agreement." *Id.* at 193

In concluding that the special relationship exception saved the plaintiff's tort claim from the economic loss doctrine, the *Autry* Court noted that the plaintiff had alleged that a duty had arisen from the relationship between itself and the defendants, and then noted evidence from the record supporting that allegation. *Id.* at 194. That evidence included a proposal indicating the existence of a "financial partnership;" a loan agreement designating one defendant as the plaintiff's attorney-in-fact; the plaintiff's deposition testimony that a defendant made certain assurances; and evidence that one defendant was entrusted with care for plaintiff's insurance policy coverage. *Id.*

The Court finds that Fidelity has not established it is *clear* under governing state law that the Petition does not state a cause of action against National Title, and that there is no reasonable basis in fact and law for any of the claims. Plaintiff has alleged that National Title owed Plaintiff a duty as an escrow agent in the closing, which was breached when National Title failed to ensure the liens and judgments against the Property were satisfied. National Title performed professional services for Plaintiff, and Plaintiff argues that the special relationship exception recognized in *Autry* applies to save Plaintiff's tort claim from the economic loss doctrine. Whether these allegations can be proven is an issue that must be left to the state court. The Court will be guided by the Eighth Circuit's counsel that "the better practice is for the federal court not to decide the doubtful question...but simply to remand the case and leave the question for the state courts to decide." *Filla*, 336 F.3d at 811 (quoted case omitted); *see also Gorhsuch v. Formtek Metal Forming, Inc.*, 803 F. Supp.2d 1016, 1021–24 (E.D. Mo. 2011).

9

This action, therefore, is not removable on its face because it presents no federal question, and defendant National Title is a Missouri citizen.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff is granted leave to file his Reply (Doc. 26) out of time.

**IT IS FURTHER ORDERED** that Defendant Fidelity's Motion to Strike (Doc. 27) is **denied.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Remand (Doc. 13) is **granted**.

**IT IS FURTHER ORDERED, ADJUDGED and DECREED** that this matter is remanded to the Circuit Court of Stoddard County, Missouri**.**

Dated this 3rd day of August, 2022.

                                                  s/*Abbie Crites-Leoni*
                                                ABBIE CRITES-LEONI
                                                UNITED STATES MAGISTRATE JUDGE